[Cite as *State v. Weems*, 2013-Ohio-1343.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98397**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRIAN WEEMS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-555001

**BEFORE:**   Jones, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   April 4, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY: Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Erica Barnhill
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Brian Weems, appeals his felonious assault conviction. We affirm.

{¶2} In 2011, Weems was charged with two counts of felonious assault with notices of prior conviction and repeat violent offender specifications. He waived his right to a jury trial and the matter proceeded to a trial before the bench. The following pertinent evidence was presented at trial.

{¶3} Weems and victim Juanita Crawford lived in the same four-unit apartment building in Cleveland. On September 25, 2011, Crawford was in her apartment when her friend Pam called up to her from outside. Crawford went outside; Pam and Weems were arguing. A small crowd of bystanders had gathered.

{¶4} Crawford heard someone yell that Weems had a gun, so she turned and fled. Weems ran after her and hit her in the head with a hammer. No gun was recovered.

{¶5} Crawford's niece called 911 and reported that "Brian" had hit her aunt in the head with a hammer. The niece identified Brian as the man who lived upstairs from her aunt. When the police arrived, Crawford identified Weems as her attacker, but he had already left the scene.

{¶6} Eric Wathen, who lived in the same building, was home at the time of the assault. From his window, Wathen could see Crawford, Weems, and another woman arguing. He heard Crawford scream and saw Weems chase Crawford and hit her in the

head with a hammer.

{¶7} Two days later, police arrested Weems in his apartment. Weems admitted to assaulting Crawford, but maintained he used only his hands, not a hammer.

{¶8} Three days after the assault, Crawford met with a detective and positively identified Weems as her attacker. As a result of her injuries, Crawford received ten staples to her head; at the time of trial, she still suffered from recurring headaches, fainting spells, and memory loss.

{¶9} Weems testified in his own defense that he did not assault Crawford and was in Akron at the time the incident occurred. He accused the state's witnesses of lying.

{¶10} The trial court convicted Weems of both counts of felonious assault with the attendant notices of prior conviction and repeat violent offender specifications. The court merged the convictions, finding they were allied offenses of similar import, and sentenced Weems to eight years in prison. The trial court declined to impose any additional time under the repeat violent offender specification.

{¶11} Weems now appeals, raising the following assignments of error for our review:

[I]. Brian Weems was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution when his attorney failed to present the victim's prior inconsistent statements to the trier of fact.

[II.] Appellant's felonious assault conviction is against the manifest weight of the evidence.

[III.] Brian Weems was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution

and Article 1, Section 10 of the Ohio Constitution when his attorney gratuitously attacked his own client at sentencing and failed to offer any mitigation.

<u>Ineffective Assistance of Trial Counsel</u>

{¶12} In the first and third assignments of error, Weems challenges the effectiveness of his trial counsel.

{¶13} We review a claim of ineffective assistance of counsel under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that his counsel's performance fell below an objective standard of reasonable representation; and if so, show there was a reasonable probability that his counsel's errors affected the outcome of the proceedings. *Id.*

{¶14} Weems bases his claim of ineffective assistance of counsel claim on trial counsel's: (1) failure to cross-examine Crawford on her prior inconsistent statements; and (2) counsel's statements during sentencing.

{¶15} First, Weems claims that Crawford's testimony was inconsistent with what she had previously told police and medical personnel. According to Weems, Crawford told the police that Weems attacked her inside her apartment over a dispute about food and told medical personnel Weems attacked her because she refused him food. Crawford testified, however, that the dispute was over Weems's fight with Pam and the attack occurred outside.

{¶16} Weems argues that his trial counsel's failure to cross-examine Crawford on

these inconsistencies and decision not to discuss them during closing arguments rendered counsel constitutionally ineffective. But judicial scrutiny of a lawyer's performance must be highly deferential. *State v. Sallie*, 81 Ohio St.3d 673, 674, 1998-Ohio-343, 693 N.E.2d 267.

> [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland* at 689. Debatable trial tactics do not establish ineffective assistance of counsel. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810.

{¶17} Contrary to Weems's claim that defense counsel failed to question Crawford on inconsistencies in her testimony, defense counsel attempted to cross-examine Crawford about the statement she made to police, but the state objected. The transcript reflects that a sidebar conference occurred, but the conference was off the record, and after, counsel did not continue that line of questioning. Weems also argues that counsel should have cross-examined Crawford about her inconsistent statements in the police report; however, the police report was never entered into evidence and there was no testimony that evidenced any inconsistent statements in the report.

{¶18} A thorough review of the record does not convince us that counsel's performance affected the outcome of the trial. Crawford never wavered on the identification of her attacker and both her niece and Wathen verified that Weems was the attacker; even Weems himself admitted to police that he had assaulted Crawford. Thus, any failure to point out possible inconsistencies about where and why the attack occurred

do not equate to a finding of ineffective assistance of counsel. Weems also complains that his attorney did not effectively argue the case during closing arguments, but opening and closing arguments are not evidence; and upon review, we find that counsel's argument did not affect the outcome of the trial, especially given that it was a bench trial.

{¶19} Next, Weems claims that his counsel's statements at sentencing prejudiced him. Specifically, Weems points to statements defense counsel made regarding Weems's tendency to "tell stories," that Weems refused to accept responsibility for his actions, and that counsel assumed Weems would file a grievance against him.

{¶20} A review of the record, however, shows that counsel's statements were made in response to the fact that counsel built a theory of the case based on Weems's initial assertion that he was home at the time of the incident; when Weems testified at trial that he was in Akron at the time of the assault, counsel was caught off-guard and was unable to proceed with his original theory. In looking at the sentencing hearing as a whole, we do not find that counsel's statements fell below an objective standard of reasonable representation or that Weems's sentence would have been lesser if his counsel had better advocated on his behalf. Based on these facts, Weems was not prejudiced by his counsel's conduct.

{¶21} The trial court had the opportunity to review Weems's presentence investigation report and a mitigation of penalty report prepared by the court's psychiatric clinic. Crawford testified that she suffered a laceration on her head that required ten staples to close and still suffered from headaches, dizzy spells, and memory loss.

Moreover, the eight-year sentence is reasonable based upon the serious harm caused to the victim and Weems's prior criminal record. *See* R.C. 2929.12(B)(2), 2929.12(D)(2).

{¶22} Thus, we cannot conclude that Weems was afforded ineffective assistance of trial counsel.

{¶23} The first and third assignments of error are overruled.

Manifest Weight of the Evidence

{¶24} In the second assignment of error, Weems argues that his conviction was against the manifest weight of the evidence. When reviewing a manifest weight challenge, the court must review the record, weigh the evidence and all reasonable inferences, examine the credibility of the witnesses, and determine whether, in resolving conflicts, if the jury or trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Tibbs v. Florida*, 457 U.S. 31, 45, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Thus, the question raised through a manifest weight issue is whether there is substantial evidence upon which a jury could conclude that all elements of the charged crime have been proven beyond a reasonable doubt. *State v. Getsy*, 84 Ohio St.3d 180, 1998-Ohio-533, 702 N.E.2d 866, citing *State v. Eley*, 56 Ohio St.2d 169, 383 N.E.2d 132 (1978).

{¶25} Weems contends that his version of events, that he was in Akron at the time of the attack, should be believed over that of the state's witnesses. He cites to the inconsistencies in Crawford's testimony and Wathen's criminal record.

**{¶26}** Although we are able to consider the credibility of the witnesses, we are guided by the presumption that the trier of fact "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *State v. Moore*, 8th Dist. No. 98178, 2012-Ohio-5891, ¶ 15, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Accordingly, we afford great deference to the trier of fact's determination of witness credibility. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

**{¶27}** The trial court, as the trier of fact in this case, opted to believe the state's version of the facts over Weems's testimony. We cannot say that the trial court clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed.

**{¶28}** The second assignment of error is overruled.

**{¶29}** Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., CONCURS;
KATHLEEN ANN KEOUGH, J., CONCURS WITH
SEPARATE OPINION

KATHLEEN ANN KEOUGH, J., CONCURRING WITH SEPARATE CONCURRING
OPINION:

{¶30} I fully concur with the majority opinion in this case but write separately to
address Weems's third assignment of error contending that his trial counsel was
ineffective by making inappropriate and prejudicial statements at sentencing.

{¶31} In support of his assignment of error, Weems dissects counsel's statements
and points to isolated comments, which are at times taken out of context. Reviewing the
entire sentencing hearing, including Weems's own statements made during sentencing, I
cannot say that Weems was prejudiced, such that his sentence may have been different.
Although the trial court sentenced Weems to the maximum sentence of eight years, the
trial court exercised its discretion and did not impose a sentence on the repeat violent
offender specification, which carried a possible penalty of up to ten years. It is clear the
court rendered a sentence that was reasonable based on the facts and circumstances of the
case. Although Weems has failed to show prejudice to warrant a reversal of his sentence
under a finding of ineffective assistance of counsel, I find that counsel's statements at
sentencing did not serve any mitigating purpose. If counsel felt that a record needed to

be established to circumvent any subsequent actions filed against him, the record could have been established after the sentence was rendered.   Self-preserving statements during a client's sentencing are not appropriate.